Kyle A. Kinney, Esq. [Bar No. 027189]
LAW OFFICES OF KYLE A. KINNEY, PLLC
1717 N. 77th Street, Suite 6
Scottsdale, AZ 85257
Phone: [480]269-7077
Fax: [480] 614-9414
Email: kyle@kinneylaw.net

*Attorney for Debtors;*
RONALD AND ARLENE SILVER

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF ARIZONA

| In Re: | Chapter 11 |
|---|---|
| **RONALD AND ARLENE SILVER,** **husband and wife,** | **Case No. 2:17-bk-07624-SHG** |
| Debtors. | |

### FIRST AMENDED PLAN OF REORGANIZATION DATED JUNE 8, 2018

Ronald and Arlene Silver ("Silvers" or "Debtors") debtors and debtors-in-possession in the above-captioned bankruptcy case, hereby submits to the Court and creditors of the Debtors' Estate the following First Amended Plan of Reorganization Dated June 8, 2018.

## I.    DEFINITIONS.

For purposes of this Plan, except as expressly provided or unless the context otherwise requires, all capitalized terms not otherwise defined have the meanings ascribed to them in Section I of the Plan. Any term used in the Plan that is not defined in the Plan but is defined in the Bankruptcy Code or the Bankruptcy Rules retains the meaning ascribed to such term in the Bankruptcy Code or the Bankruptcy Rules. Whenever the context requires, such terms include the plural as well as the singular, the masculine gender includes the feminine gender, and the feminine gender includes the masculine gender.

As used in this Plan, the following terms have the meanings specified below:

**Administrative Claim**: Every cost or expense of administration in the pending case, including, but not limited to, any actual and necessary expenses of preserving or disposing of the assets of the Estate, any actual and necessary expenses incurred in operating any of the Debtor's business post-petition and all Claims approved under § 507(a)(1) of the Bankruptcy Code, including professional fees and costs approved by the Court.

**Allowed Claim:** A Claim:

1.     With respect to which a proof of claim has been filed with the Court within the applicable period of limitation fixed by Rule 3003 of the Rules of Bankruptcy Procedure and to which no objection to the allowance of the Claim has been filed by the Debtors or any other party or as to which any such objection has been determined by an order or judgment of the Court which is no longer subject to appeal and to which no appeal is pending; or

2.     Scheduled in the list of creditors prepared and filed with the Court pursuant to Rule 1007(b), Rules of Bankruptcy Procedure, and not listed as disputed, contingent or unliquidated as to the amount.

An Allowed Claim shall not include un-matured or post-petition interest, penalties, fees or costs unless specifically stated in the Plan. Notwithstanding § 502(a) of the Code and Rules 3001 and 3003, for the purposes of the Plan, a Claim shall not be an Allowed Claim unless it satisfies the definition of Allowed Claim under this Plan.

**Allowed Interest**: An Interest in the Debtors held by a person or entity, as of the Effective Date, and as to which (a) such Interest was listed in the Debtor's Schedules of Assets and Liabilities and Statement of Financial Affairs, and no objection has been made within the time allowed for the making of objections, (b) a Final Order has been entered allowing such Interest, or (c) a timely and proper proof of interest has been filed, and as to which no objection to the allowance of the Interest has been filed by the Debtors or any other party, or as to which any such objection has been determined by an order or judgment of the Court which is no longer subject to appeal and to which no appeal is pending.

**Allowed Priority Claim**: The Allowed Claim of a Claimant that is entitled to priority in payment under 11 U.S.C. §§ 507(a)(2) through (a)(10).

**Allowed Secured Claim**: An Allowed Claim to the extent that such Allowed Claim is secured by a lien which is unavoidable, on property in which the Estate has an interest, to the extent of the value of such Creditor's interest in the Estate's interest in such property as determined in light of the purpose of the valuation and of the proposed disposition and use of such property and as determined as of the Petition Date.

**Allowed Unsecured Claim**: An Allowed Claim to the extent that such Allowed Claim is not secured by a lien on property in which the Estate has an interest.

**Bankruptcy Code**: 11 U.S.C. §§ 101, et seq.

**Bankruptcy Court**: The United States Bankruptcy Court for the District of Arizona or any other court which may have jurisdiction over this case or any proceeding arising under, in, or relating to this case.

**Chapter 11**: Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 1101, et seq.

**Claim**: (a) A right to payment, whether or not such right is reduced to judgment, liquidated, un-liquidated, fixed, contingent, matured, un-matured, disputed, undisputed, legal, equitable, secured or unsecured, which right arose or accrued prior to the date of Confirmation; (b) a right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured, where such right arose or accrued prior to Confirmation; or (c) a claim arising under 11 U.S.C. § 502(g).

**Claimant or Creditor**: Any person or entity that asserts a Claim.

**Confirmation**: The signing by the Court of the Confirmation Order.

**Confirmation Date**: The date upon which the Confirmation Order is entered upon the Bankruptcy Court's docket.

**Confirmation Order**: The Order signed by the Bankruptcy Court pursuant to 11 U.S.C. § 1129 confirming this Plan.

**Contingent Claim**: Any Claim for which a proof of claim has been filed with the Bankruptcy Court: (a) which was not filed in a sum certain, or which has not accrued and is dependent on a future event that has not occurred and may never occur, and (b) which has not been allowed on or before the Confirmation Date.

**Court**: The Bankruptcy Court.

**Debtor**: Ronald and Arlene Silver, husband and wife.

**Disbursing Agent**: The Reorganized Debtors shall be the Disbursing Agent and shall make distributions to holders of Allowed Claims under the Plan.

**Disclosure Statement**: The Debtors' Disclosure Statement and any amendments and supplements thereto as approved by an order of the Bankruptcy Court.

**Disputed Claim**: A Claim which the Debtors listed as un-liquidated, disputed or contingent in their Schedules of Assets and Liabilities, or to which an objection has been filed which has not been resolved by a Final Order of the Bankruptcy Court.

**Effective Date**: The first business day which is at least thirty (30) days after the Confirmation Date. In the event the Confirmation Order has been stayed by a court of competent jurisdiction, the Debtors may elect to delay the Effective Date pending a resolution of the order staying the Confirmation Order.

**Estate**: The Debtors' bankruptcy estate created by the filing of the Petition as identified and described in § 541 of the Bankruptcy Code.

**Final Order**: An order or judgment of the Bankruptcy Court which has not been appealed and as to which any applicable appeal period has expired or, if such order has been appealed, as to which no stay has been entered or as to which any and all appellate orders or judgments with respect to such appeal, or any subsequent appeal to a higher court, have become final and non-appealable.

**Insider**: A person or entity within the definition contained in § 101(31) of the Bankruptcy Code.

**IRS**: The Internal Revenue Service.

**Interest**: Any equity interest in the Debtors as of the Petition Date.

**Interest Holder:** Any person or persons owning an Interest in the Debtors as of the Petition Date.

**New Debt Obligations**: Those debts of the Debtors which existed pre-confirmation, but which are modified by the confirmed Plan resulting in the creation of a new note. The obligations for which the Reorganized Debtorshave liability under the terms of the confirmed Plan. Said New Obligations shall not be considered in default unless and until the Reorganized Debtors default on said obligations after the Effective Date.

**New Interest Holders:** The Interest Holders who infuse New Value into the Reorganized Debtors in exchange for an equity interest in the Reorganized Debtors.

**New Value:** The cash infusion to be provided to the Reorganized Debtors by the New Interest Holders in exchange for the New Interest Holders' equity interests in the Reorganized Debtors pursuant to the terms of this Plan.

**Oversecured**: The term describing the Allowed Claim of a Secured Creditor when the value of the collateral securing said Allowed Claim exceeds the amount of the Allowed Claim.

**Person**: Any individual, corporation, partnership, joint venture, association, joint stock company, trust, unincorporated association or organization, governmental agency, or associated political subdivision.

**Petition**: The original Petition filed by the Debtors under Chapter 11.

**Petition Date**: The date on which the Petition was filed, July 4, 2017.

**Plan**: This Plan of Reorganization and any amendments or supplements thereto.

**Plan Rate**: The annual rate of interest to be paid with respect to Allowed Claims entitled to recover interest pursuant to this Plan, which rate shall be determined by the Bankruptcy Court.

**Pro Rata**: The ratio of an Allowed Claim or Allowed Interest in a particular Class to the aggregate amount of all Allowed Claims or Allowed Interests in that Class.

**The Glendale Building:** A commercial building within a strip mall owned by the Debtors located at 2701 W. Glendale Ave., Phoenix, AZ 85051 (the " Glendale Building"). It is an approximately twelve thousand one hundred and fifty-five (12,155) square footcorner building located at the intersection of Glendale Avenue and 27th Avenue. As of the Petition Date, two tenants occupy the building with the two leases covering eight thousand one hundred and fifty-five (8,155) square feet and one thousand three hundred and thirty-three (1,333) square feet, respectively, rendering the Glendale Building 78% leased and occupied. Approximately two thousand six hundred and sixty-seven (2,667) remain unoccupied. The unoccupied space is an end cap that can be leased to one retail tenant or divided in half and leased to two retail tenants.

**The Hatcher Building:** A commercial building located at 503-509 W. Hatcher Rd., Phoenix, AZ 85021 (the "Hatcher Building"). It is approximately three thousand four hundred (3,400) square feet. As of the Petition Date, the Hatcher Building is 100% leased and occupied.

**The Acoma Condos:** Three residential condos located at 7009 E. Acoma Dr., Scottsdale, AZ 85254, units 1040, 1052 and 2093 (collectively, the "Acoma Condos" and each individually referred to as "Unit 1040", "Unit 1052" and "Unit 2093" respectively). The Acoma Condos are each in the same complex with the same floor plan consisting of approximately seven hundred (700) square feet each. As of the Petition Date, all three Acoma Condos are fully leased and occupied.

**The Charter Oak Home**: A residential home located at 8329 E. Charter Oak Rd., Scottsdale, AZ 85260 ("Charter Oak Home"). The Charter Oak Home is and has been the Silvers'

primary residence for over 30 years. Thus, the Charter Oak Home is not leased but is 100% occupied by the Silvers.

**Property Value**: The value of any of the above-defined Buildings, Acoma Condos or Homes, as determined by the Bankruptcy Court.

**Reserve Account**: The account into which sums infused into the Reorganized Debtors as New Value by the New Interest Holders will be placed during the pendency of this bankruptcy case from time to time as set forth in the Plan.

**Reorganized Debtor**: The Debtors after the Effective Date.

**Ocwen Loan Servicing**: Ocwen Loan Servicing ("Ocwen") is the loan servicer for the following secured creditors:

    1.    U.S. Bank National Association, as Trustee for Lehman Brothers Small Balance Commercial Mortgage Pass-Through Certificates, Series 2007-3 ("US Bank") for the Glendale Building;

    2.    Wells Fargo Bank, N.A. as Certificate Trustee for Gonzalo Residential Asset Trust ("Wells Fargo") for Unit 1052 and Unit 2093;

    3.    Deutsche Bank National Trust Company, as Indenture Trustee for American Home Mortgage Investment Trust 2007-2 ("Deutsche") for the Charter Oak Home.

**Nationstar Mortgage**: Nationstar Mortgage ("Nationstar") is the loan servicer for secured creditor Lehman XS Trust Mortgage Pass-Through Certificates, Series 2007-15N, U.S. Bank National Association as trustee for Unit 1040.

**Capital One Bank:** Capital One Bank ("Capital One") is the loan servicer for secured creditor Greenpoint Mortgage Funding, Inc. for the Hatcher Building.

**RGCRE:** Rein &Grossoehme Commercial Real Estate, LLC ("RGCRE") is an allowed unsecured creditor who has a wage claim earned within 180 days of the Petition Date.

**Undersecured**: The term describing the Allowed Claim of a Secured Creditor when the value of the collateral securing said Allowed Claim is less than the amount of the Allowed Claim.

**Un-Liquidated**: The term describing the Allowed Claim of a Creditor when the value of the claim has not been determined or stated with finality.

## II.    CLASSIFICATION OF CLAIMS AND INTERESTS.

### A.    Class 1: Priority Claims

1.    Class 1-A consists of Allowed Priority Claims under 11 U.S.C. § 503 and § 507(a)(2) (Administrative Claims).

2.    Class 1-B consists of Allowed Priority Claims under 11 U.S.C. § 507(a)(3) (Wage Claims).

3.    Class 1-C consists of Allowed Priority Claims under 11 U.S.C. §507(a)(8) (Tax Claims).

### B.    Class 2: Secured Claims

1.    Class 2-A consists of the Allowed Secured Claim of US Bank via Ocwen for the Glendale Building.

2.    Class 2-B consists of Allowed Secured Claim of US Bank via Nationstar for Unit 1040.

3.    Class 2-C consists of Allowed Secured Claim of Deutsche via Ocwen for Charter Oak.

4.    Class 2-D consists of Allowed Secured Claim of Wells Fargo via Ocwen for Unit 1052.

5.    Class 2-E consists of Allowed Secured Claim of Wells Fargo via Ocwen for Unit 2093.

6.    Class 2-F consists of Allowed Secured Claim of Greenpoint Mortgage Funding, Inc. via Capital One for the Hatcher Building.

7.     Class 2-G consists of the Allowed Secured Claim of Nissan-Infiniti LT for a lease on that certain 2017 Rogue

C.     **Class 3: Unsecured Claims**

1.     Class 3-A consists of the Allowed Unsecured Claims of RGCRE in the amount of $15,904.89.

2.     Class 3-B consists of the Allowed Unsecured Claims of Nissan-Infiniti LT for that certain 2014 Sentra.

3.     Class 3-C consists of the Allowed Unsecured Claims of Creditors other than the unsecured Claims of RGCRE and Nissan-Infiniti LT listed in 3-A and 3-B above. This includes each and every other unsecured creditor who has filed a proof of claim in this case.

D.     **Class 4: Interest Holders**

Class 4 consists of all Allowed Interests of Interest Holders.

## III.     IMPAIRMENT OF CLASSES.

Classes 1-A, 1-C, 2-F,and 2-G are unimpaired under the Plan. All other Classes are Impaired, as that term is defined in 11 U.S.C. § 1124.

## IV. TREATMENT OF CLASSES.

A.     **Class 1: Priority Claims**

1.     **Class 1-A: Administrative Claims**

This Class consists of Allowed Priority Claims under 11 U.S.C. § 503 and § 507(a)(2) – administrative priority claims. Unless Claimants holding Claims in this Class agree to an alternative form of treatment, the Allowed Claims of Class 1-A shall be paid in full, in cash, on or before the Effective Date or as the same are Allowed and ordered paid by the Court. Any Class 1-A Claim not allowed as of the Effective Date shall be paid as soon thereafter as it is allowed by the Court according to the terms of this Class. This class is not impaired.

### 2. Class 1-B: Commission Claims

This Class consists of Allowed Priority Claims under 11 U.S.C. § 507(a)(4) – commission claims. As provided in 11 U.S.C. § 1129(a)(9)(B), unless Claimants holding Claims in this Class agree to an alternative form of treatment, the Allowed Priority Claims of Class 1-B shall be paid in full, in cash, on or before the Effective Date. It is believed the sole Claimant in this class will agree to be paid, in full, in cash, in equal monthly installments over a six month period with the first payment to be made on the Effective Date. Any Class 1-B Claim not allowed as of the Effective Date shall be paid as soon thereafter as they are allowed by the Court according to the terms of this Class. This class is impaired.

### 3. Class 1-C: Tax Claims

This Class consists of Allowed Priority Claims under 11 U.S.C. § 507(a)(8) – tax Claims which are not otherwise treated as secured claims herein. As provided in 11 U.S.C. § 1129(a)(9)(C), unless Claimants holding Claims in this Class agree to an alternative form of treatment, the Allowed Priority Claims of Class 1-C shall be paid in full, in cash, on or before the Effective Date, or, at the Debtor's option, such Allowed Claims shall be paid, on account of such Allowed Claim, deferred cash payments, over a period not exceeding seven years after the date of assessment of such Claim, of a value, as of the Effective Date of the Plan, equal to the allowed amount of such Claim. Any Class 1-C Claims not allowed as of the Effective Date shall be paid as soon thereafter as they are allowed by the Court according to the terms of this Class. This class is not impaired.

### B. Class 2: Secured Claims

#### 1. Class 2-A – Allowed Secured Claims of US Bank via Ocwen for the Glendale Building

This Class consists of the Allowed Secured Claim of US Bank via Ocwen for the Glendale Building. As set forth herein, this is an impaired class. The Allowed Secured Claim arises out of an interest only promissory note with a balloon payment due on the May 1, 2022 maturity date. The pre-petition deficiencies as stated in US Bank's Proof of

Claim shall be added to the principal balance of the note. US Bank shall apply the approximately $50,000 held in suspense toward the principal balance, if not already applied. US Bank shall have an allowed secured claim for this amount. The Debtors will make interest-only post-petition monthly installment payments to US Bank via Ocwen (based upon the new principal balance calculated by adding the pre-petition arrears stated in the Proof of Claim to the principal balance) and a balloon payment on the full principal amount no later than May 1, 2022 in full, as stated in the note. The first interest only payment shall be made on the Effective Date with monthly payments made thereafter until the maturity date. The interest rate shall be the interest rate setforth in the promissory note. There shall be no pre-payment penalty for pre-payments of principal. Payments shall be applied first to interest, then to principal of the Allowed Secured Claim, and then to the un-matured principal. Debtors shall continue to make all post-petition payments through the maturity date or until paid in full.

**2.      Class 2-B – Allowed Secured Claims of US Bank via Nationstar for Unit 1040**

This Class consists of the Allowed Secured Claim of US Bank via Nationstar for Unit 1040. As set forth herein, this is an impaired class. The Allowed Secured Claim arises out of an installment payment due July 1, 2017, under a promissory note. It is believed that the installment payment was made as a post-petition payment for July 2017 (within the grace period allowed under the terms of the promissory note) and that the arrearage is satisfied. To the extent that the arrearage is not satisfied, the Debtors will pay the claim, in full, within 90 days of the Effective Date with interest at the rate as setforth in the promissory note. Debtors shall continue to make all post-petition installment payments through the maturity date or until paid in full.

**3.      Class 2-C – Allowed Secured Claims of Deutsche via Ocwen for Charter Oak**

This Class consists of the Allowed Secured Claim of Deutsche via Ocwen for Charter Oak. As set forth herein, this is an impaired class. The Allowed Secured Claim

arises out of missed installment payments due under a modified promissory note. The Debtors will liquidate Charter Oak as soon as practicable, but in any event no later than 12 months from the Effective Date provided that Debtors receive an offer that will satisfy the Allowed Secured Claim, in full, or Deutsche accepts an amount less than the Allowed Secured Claim in the form of a short sale. In the event that Debtors cannot liquidate Charter Oak within 12 months of the Effective Date, Debtors will pay the pre-petition arrearages, in full, within 13 months of the Effective Date. The interest rate shall be the interest rate set-forth in the promissory note. There shall be no pre-payment penalty. Debtors shall continue to make post-petition installment payments as they become due under the promissory note. The Allowed Secured Claim shall be paid, in full, at the earlier of 1) the close of escrow; or, 2) the note maturity date.

**4.    Class 2-D – Allowed Secured Claims of Wells Fargo via Ocwen for Unit 1052**

This Class consists of the Allowed Secured Claim of Wells Fargo via Ocwen for Unit 1052. As set forth herein, this is an impaired class. The Allowed Secured Claim arises out of an installment payment due July 1, 2017, under a promissory note. It is believed that the installment payment was made as a post-petition payment for July 2017 (within the grace period allowed under the terms of the promissory note) and that the arrearage is satisfied. Debtors will liquidate Unit 1052 as soon as practicable, with the Allowed Secured Claim to be paid, in full, upon the close of escrow. Debtors shall continue to make all future post-petition installment payments as they become due under the promissory note through the earlier of 1) sale of Unit 1052; or, 2) the note maturity date.

**5.    Class 2-E – Allowed Secured Claims of Wells Fargo via Ocwen for Unit 2093**

This Class consists of the Allowed Secured Claim of Wells Fargo via Ocwen for Unit 2093. As set forth herein, this is an impaired class. The Allowed Secured Claim arises out of an installment payment due July 1, 2017, under a promissory note. It is believed that the installment payment was made as a post-petition payment for July 2017 (within the

grace period allowed under the terms of the promissory note) and that the arrearage is satisfied. Debtors will liquidate Unit 2093 as soon as practicable, with the Allowed Secured Claim to be paid, in full, upon the close of escrow. Debtors shall continue to make all future post-petition installment payments as they become due under the promissory note through the earlier of 1) sale of Unit 2093; or, 2) the note maturity date.

### 6. Class 2-F – Allowed Secured Claims of Greenpoint Mortgage Funding, Inc. via Capital One for the Hatcher Building

This Class consists of the Allowed Secured Claim of Greenpoint Mortgage Funding, Inc. via Capital One for the Hatcher Building. As set forth herein, this is not an impaired class. There is no pre-petition arrearage. The terms of the subject promissory note secured by a deed of trust will remain unchanged and Debtors shall continue to make all post-petition installment payments. Debtors will liquidate the Hatcher Building as soon as practicable and the Allowed Secured Claim shall be paid, in full, at the earlier of 1) the close of escrow; or, 2) the note maturity date.

### 7. Class 2-G – Allowed Secured Claims of Nissan-Infiniti LT for 2017 Rogue

This Class consists of the Allowed Secured Claim of Nissan-Infiniti LT for a 2017 Rogue vehicle. As set forth herein, this is not an impaired class. The Allowed Secured Claim arises out of a vehicle lease. There was not an arrearage as of the petition date. Debtors reaffirm the terms of the lease agreement.

### C. Class 3: Unsecured Claims

### 1. Class 3-A: Allowed Unsecured Claim of RGCRE

This Class consists of the Allowed Unsecured Claim of RGCRE which shall be equal to the difference between RGCRE's total claim and the amount paid in Class 1-B above.

### 2. Class 3-B: Allowed Unsecured Claims of Creditor Nissan-Infiniti LT for 2014 Sentra

This class consists of the Allowed Unsecured Claim of Nissan-Infiniti LT for that certain 2014 Sentra. This claim was filed as a secured claim, however, the 2014 Sentra was

abandoned by the Debtors and surrendered to the creditor. Thus, the claim shall be treated as an unsecured claim.

### 3. Treatment of Classes 3-A, 3-B and 3-C Under This Plan

Notwithstanding the fact that Class 3-A and Class 3-B are distinctly identified in this Plan as separate classes, for the purposes of this Plan, Class 3-A, Class 3-B and Class 3-C (collectively, "Class 3") are treated the same under the Plan.

The unsecured creditors will be paid the full value of their claims as stated in each respective proof of claim within 36 months of the Effective Date. The unsecured creditors will be paid from: the liquidation value of the Acoma Condos, Charter Oak and the Hatcher Building (calculated by the sales price minus: 1) each respective Allowed Secured Claim; 2) any outstanding property taxes; 3) real estate commission fees; 4) closing costs; and, 5) other costs of liquidation). Any remaining balances owe will be paid through collection of rents from the Glendale Building.

### D. Class 4: Interest Holders

The Interest Holders in the Debtors will retain their interests in consideration of the New Value they contribute to the Reorganized Debtors pursuant to this Plan. The amount of the New Value will consist of (a) the amount necessary to pay all Class 1 Allowed Priority Claims as set forth above; (b) the amount necessary to fund the Interest Reserve Account as required by the treatment of Class 2-A and Class 2-B Claimants, above; and (c) the Unsecured Distribution Amount.

## V. PLANS FOR EXECUTING THE PLAN.

### A. Funding

The Plan will be funded by Debtors' acceptance of a triple-net lease from its two lessees, which occupies approximately 78% of the Glendale Building. Debtors will procure a third triple-net lease for the remaining 22% of the unoccupied space of the Glendale Building. These amounts shall be used to pay for the Debtors necessary living expenses and all expenses relating to the Glendale Building.

-14-

The Debtors will liquidate all three Acoma Condos, Charter Oak and the Hatcher Building. The amounts received from liquidation of these assets shall be used to pay the Allowed Secured Claims of the Acoma Condos, Charter Oak, and the Hatcher Building; all Priority Claims and all Unsecured Claims.

### B.    Liquidation of Estate Property

The Debtors shall have the authority to retain such brokers, agents, counsel, or representatives as it deems necessary to liquidate assets of the Reorganized Debtor.

### C.    Management

The Plan will be implemented by the retention of its existing management. This implementation will also include the management and disbursement of the funds infused by the New Interest Holders, if applicable, as set forth above and in accordance with the terms of this Plan.

### D.    Disbursing Agent

The Reorganized Debtors shall act as the Disbursing Agent under the Plan.

### E.    Documentation of Plan Implementation

In the event any entity which possesses an Allowed Secured Claim or any other lien in any of the Debtor's property for which the Plan requires the execution of any documents to incorporate the terms of the Plan, fails to provide a release of its lien or execute the necessary documents to satisfy the requirements of the Plan, the Debtors may record a copy of this Plan or the Confirmation Order with the appropriate governmental agency and such recordation shall constitute lien release and creation of any necessary new liens to satisfy the terms of the Plan. If the Debtors deem advisable, it may obtain a further Order from the Court that may be recorded in order to implement the terms of the Plan.

### F.    New Obligations

Any Allowed Claims which are otherwise impaired herein, and which are paid in deferred payments, shall be a New Obligation of the Reorganized Debtors under the terms described herein and completely replace any pre-confirmation obligations of the Debtor.

## VI. EFFECT OF CONFIRMATION.

Except as otherwise provided in the Plan or the Confirmation Order, Confirmation acts as a Discharge, effective as of Confirmation, of any and all debts of the Debtors that arose any time before the entry of the Confirmation Order including, but not limited to, all principal and all interest accrued thereon, pursuant to § 1141(d)(1) of the Bankruptcy Code. The Discharge shall be effective as to each Claim, regardless of whether a Proof of Claim thereon was filed, whether the Claim is an Allowed Claim, or whether the Holder thereof votes to accept the Plan.

In addition, any pre-confirmation obligations of the Debtors dealt with in this Plan shall be considered New Obligations of the Debtor, and these New Obligations shall not be considered in default unless and until the Reorganized Debtors defaults on the New Obligations pursuant to the terms of the Plan. The New Obligations provided for in the Plan shall be in the place of, and completely substitute for, any pre-Confirmation obligations of the Debtor. Once the Plan is confirmed, the only obligations of the Debtors shall be such New Obligations as provided for under the Plan.

## VII. OBJECTIONS TO AND ESTIMATIONS OF CLAIMS.

### A. Objections and Bar Date for Filing Objections.

As soon as practicable, but in no event later than 120 days after the Effective Date, objections to Claims shall be filed with the Bankruptcy Court and served upon the holders of each of the Claims to which objections are made pursuant to the Bankruptcy Code and the Bankruptcy Rules. Objections filed after such date will be barred.

### B. Settlement of Claims.

Settlement of any objection to a Claim not exceeding $10,000 shall be permitted on the eleventh (11th) day after notice of the settlement has been provided to the Debtor, the Creditors, the settling party, and other persons specifically requesting such notice, and if on such date there is no written objection filed, such settlement shall be deemed approved. In

the event of a written objection to the settlement, the settlement must be approved by the Court on notice to the objecting party.

**C.** **Estimation of Claims.**

For purposes of making distributions provided for under the Plan, all Claims objected to shall be estimated by the Disbursing Agent at an amount equal to (i) the amount, if any, determined by the Court pursuant to § 502(c) of the Bankruptcy Code as an estimate for distribution purposes; (ii) an amount agreed to between the Debtors and the Claimant; or, (iii) that amount set forth as an estimate in the Plan or Disclosure Statement. Notwithstanding anything herein to the contrary, no distributions shall be made on account of any Claim until such Claim is an Allowed Claim.

**D.** **Unclaimed Funds and Interest.**

Distribution to Claimants shall be mailed by the Reorganized Debtors to the Claimants at the address appearing on the master mailing matrix unless the Claimant provides the Reorganized Debtors with an alternative address. For a period of one (1) year from the date that a distribution was to be made by the disbursing agent but has gone uncollected by the Claimant, the disbursing agent shall retain any distributions otherwise distributable hereunder which remain unclaimed or as to which the disbursing agent has not received documents required pursuant to the Plan. Thereafter, the unclaimed funds shall be deposited in the appropriate distribution account for distribution to other Claimants entitled to participate in such respective fund.

**VIII. NON-ALLOWANCE OF PENALTIES AND FINES.**

No distribution shall be made under this Plan on account of, and no Allowed Claim, whether Secured, Unsecured, Administrative, or Priority, shall include any fine, penalty, exemplary or punitive damages, late charges, default interest or other monetary charges relating to or arising from any default or breach by the Debtor, and any Claim on account thereof shall be deemed Disallowed, whether or not an objection was filed to it.

## IX.   CLOSING OF CASE.

Until these cases are officially closed, the Reorganized Debtors will be responsible for filing pre-and post-confirmation reports required by the United States Trustee and paying the quarterly post-confirmation fees of the United States Trustee, in cash, pursuant to 28 U.S.C. § 1930, as amended. Pursuant to 11 U.S.C. § 1129(a)(12), all fees payable under Section 1930 of Title 28, as determined by the Court at the hearing on confirmation of the Plan, will be paid, in cash, on the Effective Date.

## X.   MODIFICATION OF THE PLAN.

In addition to its modification rights under Section 1127 of the Bankruptcy Code, the Debtors may amend or modify this Plan at any time prior to Confirmation without leave of the Court. The Debtors may propose amendments and/or modifications of this Plan at any time subsequent to Confirmation with leave of the Court and upon notice to Creditors. After Confirmation of the Plan, the Debtors may, with approval of the Court, as long as it does not materially or adversely affect the interests of Creditors, remedy any defect or omission or reconcile any inconsistencies of the Plan, or in the Confirmation Order, if any may be necessary to carry out the purposes and intent of this Plan.

## XI.   JURISDICTION OF THE COURT.

The Court will retain jurisdiction until this Plan has been fully consummated for, including but not limited to, the following purposes:

1.   The classification of the Claims of any Creditors and the re-examination of any Claims which have been allowed for the purposes of voting, and for the determination of such objections as may be filed to the Creditor's Claims. The failure by the Debtors to object to or examine any Claim for the purpose of voting shall not be deemed to be a waiver of the Debtor's rights to object to or to re-examine the Claim in whole or in part.

2.   To determine any Claims which are disputed by the Debtor, whether such objections are filed before or after Confirmation, to estimate any Un-liquidated or Contingent Claims pursuant to 11 U.S.C. § 502(c)(1) upon request of the Debtors or any

holder of a Contingent or Un-liquidated Claim, and to make a determination on any objection to such Claim.

3.    To determine all questions and disputes regarding title to the assets of the Estate, and determination of all causes of action, controversies, disputes or conflicts, whether or not subject to action pending as of the date of Confirmation, between the Debtors and any other party, including but not limited to, any rights of the Debtors to recover assets pursuant to the provisions of the Bankruptcy Code.

4.    The correction of any defect, the curing of any omission or any reconciliation of any inconsistencies in this Plan, or the Confirmation Order, as may be necessary to carry out the purposes and intent of this Plan.

5.    The modification of this Plan after Confirmation, pursuant to the Bankruptcy Rules and the Bankruptcy Code.

6.    To enforce and interpret the terms and conditions of this Plan.

7.    The entry of an order, including injunctions, necessary to enforce the title, rights, and powers of the Debtor, and to impose such limitations, restrictions, terms and conditions of such title, right and power that this Court may deem necessary.

8.    The entry of an order concluding and terminating this case.

**XII.    RETENTION AND ENFORCEMENT OF CLAIMS.**

Pursuant to § 1123(b)(3) of the Bankruptcy Code, the Reorganized Debtors shall retain and may enforce any and all claims of the Debtor, except those claims specifically waived herein. Any retained causes of action include, but are not limited to, all avoidance actions, fraudulent conveyance actions, preference actions, and other claims and causes of action of every kind and nature whatsoever, arising before the Effective Date which have not been resolved or disposed of prior to the Effective Date, whether or not such claims or causes of action are specifically identified in the Disclosure Statement.

Any recovery obtained from retained causes of action shall become an additional asset of the Debtors unless otherwise ordered by the Court, and shall be available for distribution in accordance with the terms of this Plan.

## XIII.  EXECUTORY CONTRACTS AND UNEXPIRED LEASES.

Every contract not assumed specifically by this Plan is hereby rejected. A list of executory contracts and leases the Debtors intend to assume is attached to the Disclosure Statement.

Claims under § 502(g) of the Code arising as a result of the rejection of executory contracts or unexpired leases shall be filed no later than 30 days after the Confirmation Date. Any such Claims not timely filed and served shall be Disallowed.

## XIV.  REVESTING.

Except as provided for in the Plan or in the Confirmation Order, on the Effective Date, the Reorganized Debtors shall be vested with all the property of the Estate free and clear of all claims, liens, charges, and other interests of Creditors, arising prior to the Effective Date. Upon the Effective Date, the Reorganized Debtors shall operate their business free of any restrictions.

Dated:  June 8, 2018.

**LAW OFFICES OF KYLE A. KINNEY, PLLC**

By: */s/Kyle A. Kinney*_____
         Kyle Kinney Bar No. 027189

Dated April 8, 2018.                    **DEBTOR:**

Ronald and Arlene Silver

By:*/s/ Ronald Silver & Arlene Silver*___
         Ronald and Arlene Silver

This is to certify that the foregoing was
e-filed on this 8th day of June 2018, in the
United States Bankruptcy Court,
COPY of the foregoing served via electronic
Notification that same date on:

Office of the U.S. Trustee
230 North First Avenue, Suite 204
Phoenix, AZ 85003-1706

RENEE SANDLER SHAMBLIN
Office of the U. S. Trustee
230 North First Avenue, Suite 204
Phoenix, AZ  85003-1706

Kim Lepore
klepore@wrightlegal.net
Jamin S. Neil (SBN 026655)
jneil@wrightlegal.net
WRIGHT, FINLAY & ZAK, LLP
16427 N. Scottsdale Road, Suite 300
Scottsdale, Arizona 85254
*Attorneys for Nissan*

ALDRIDGE PITE, LLP
ecfazb@aldridgepite.com
4375 Jutland Drive, Suite 200
P.O. Box 17933
San Diego, CA 92177-0933
*Attorneys for Ocwen Loan Servicing*

Lori L. Winkelman
Amelia B. Valenzuela
Quarles & Brady LLP
Renaissance One
Two North Central Avenue
Phoenix, Arizona 85004-2391
lori.winkelman@quarles.com
amelia.valenzuela@quarles.com
*Attorneys for Capital One, NA as servicer*
*forGreenpoint Mortgage Funding, Inc.*

Joseph J. Tirello, Jr., Esq.
**ZIEVE, BRODNAX & STEELE, LLP**
3550 North Central Avenue, Suite 625
Phoenix, AZ 85012
E-mail: Jtirello@zbslaw.com
*Attorneys for U.S. Bank National Association,*
*as Trustee for Lehman Brothers Small Balance*
*Commercial Mortgage Pass-Through*
*Certificates,*
*Series 2007-3*

By:/s/  Paula D. Hillock

-21-