# UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF ARIZONA

# Minute Entry

### Hearing Information:

    **Debtor:** ARLENE & RONALD J SILVER
    **Case Number:** 2:17-BK-07624-SHG      **Chapter:** 11
    **Date / Time / Room:** THURSDAY, AUGUST 09, 2018 02:00 PM    3RD FLOOR #301
    **Bankruptcy Judge:** SCOTT H. GAN
    **Courtroom Clerk:** TERESA MATTINGLY
    **Reporter / ECR:** LATOSHA TRIPP

### Matter:

CONTINUED FINAL HEARING ON MOTION FOR RELIEF FROM STAY RE: 2701 W GLENDALE RD., PHOENIX, AZ 85051 FILED BY JOSEPH JOHN TIRELLO JR. OF ZIEVE, BRODNAX & STEELE, LLP ON BEHALF OF U.S. BANK NA.(set at hrg. held 6/19/18) (cont. from 7/19/18)

**R / M #:** 71 / 0

### Appearances:

KYLE A. KINNEY, ATTORNEY FOR ARLENE SILVER, RONALD J SILVER
JOSEPH JOHN TIRELLO, ATTORNEY FOR U.S. BANK NA

# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF ARIZONA
# Minute Entry

(continue)...   2:17-BK-07624-SHG     THURSDAY, AUGUST 09, 2018 02:00 PM

## *Proceedings:*

The Court's normal procure is to deny the motion for relief without prejudice and continue the matter forward to plan confirmation. At plan confirmation if there are questions about valuation or plan treatment then the motion will be considered. If the plan does not get confirmed, then the Court will grant the motion for relief from stay.

Mr. Tirello argues that part of the problem is that his client is not receiving the assignment of rents that they are entitled to. There are concerns and questions about what the debtor is doing with those funds without approval from the Court. His client is not being adequately protected for the stay the debtors are enjoying at this time. It is their position that the debtors do not need the property for an effective reorganization.

The Court points out that a motion has not been filed objecting to the use of the cash collateral.

Mr. Tirello is not aware that the debtor has filed a motion to use cash collateral for him to have an opportunity to object to the use of the cash collateral. He would ask that an evidentiary hearing be set to allow the parties an opportunity to brief whether there is any equity in the property.

The Court asks what time frame counsel would need to prepare for an evidentiary hearing.

Mr. Tirello would need thirty days to prepare but will work with debtor's counsel if there are any time constraints.

Mr. Kinney does not think that the Court can go forward with an evidentiary hearing. Ocwen is not being harmed because there is no adequate protection. Without either a motion by the debtor for use of cash collateral or a notice of non-consent to use of cash collateral filed by the creditor, the creditor has no procedural standing. Prior to the bankruptcy filing the debtor received an offer for the property and based upon that offer and the movant's own motion, there is equity in the property. Mr. Kinney fails to see what Ocwen is basing their argument on. The movant has not shown enough evidence to demonstrate it is necessary for the Court to conduct an evidentiary hearing.

The Court does not know that what is placed in the debtor's schedules is evidence of value. While Mr. Tirello did cite 362d(1) and 362d(2), he did provide any evidence to support that argument. Mr. Tirello will have thirty days to file something that demonstrates why he believes his client is not adequately protected.

Mr. Tirello has no problem submitting an appraiser's report or broker's price opinion that will establish a counter valuation.

The Court addresses the use of the rents. Mr. Kinney's clients would need authority from the Court to use the rents in the absence of any consent from the creditor. The rents should be sequestered and accounted for. If the debtor is using the creditor's cash collateral for maintenance of the property then a motion for use of cash collateral should be filed.

Mr. Kinney will go ahead and get a motion for use of cash collateral on file.

**COURT: A CONTINUED HEARING ON THE MOTION FOR RELIEF FROM STAY IS SET FOR THURSDAY, SEPTEMBER 20, 2018 AT 2:00 P.M.**

The hearing is adjourned.